**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

WALTER N. DIXON,

        Plaintiff,

v.                                           No. 2:19-CV-000945-JCH-GJF

STONE TRUCK LINE, INC., a foreign corporation,
ISMAIL Y. TAWIL,
RUSSELL STOVER CHOCOLATES, LLC, a foreign corporation,
and RYAN TRANSPORTATION SERVICE, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On December 21, 2020, Defendant Ryan Transportation Service, Inc. ("Ryan") filed a *Motion for Federal Rule of Civil Procedure 54(b) Entry of Final Judgment* (ECF No. 62). On January 4, 2021, Defendant Russell Stover Chocolates, LLC ("Russell Stover") filed a *Motion for Entry of Final Judgment on Order of Dismissal [Doc 57] in favor of Defendant Russell Stover Chocolates, LLC* (ECF No. 63). Plaintiff Walter N. Dixon ("Dixon") opposes both motions. The Court, having considered the motions, arguments, record, applicable law, and otherwise being fully advised, concludes that the motions should be denied.

### I.    BACKGROUND

The following facts are those alleged in the first amended complaint and are recited herein to provide background only. On October 28, 2018, Dixon was operating his motorcycle with the right-of-way in Deming, New Mexico, when a commercial semi-truck operated by Defendant Ismail Y. Tawil ("Tawil"), acting in the course of his employment with Defendant Stone Truck

Line, Inc. ("Stone Truck"), failed to yield to Dixon, made an unsafe left turn, drove into Dixon's line of traffic, and collided with Dixon. (First Am. Compl. ¶¶ 1-2, 25, ECF No. 20.) Stone Truck was the owner of the semi-truck driven by Tawil and was Tawil's statutory employer. (*Id.* ¶¶ 8, 58.) At the time, Tawil was pulling a trailer loaded with goods being shipped by Russell Stover. (*Id.* ¶ 27.) Ryan, a business that brokers the transportation and shipment of goods across the United States, arranged for the transportation of Russell Stover's goods by Stone Truck. (*Id.* ¶¶ 18-19.)

On August 14, 2019, Dixon filed suit for negligence against Stone Truck, Russell Stover, and Tawil, which Defendants removed to federal court. (*See* Notice of Removal ¶¶ 1-3, ECF No. 1; Compl. ¶¶ 34-68, ECF No. 1-2.) Dixon filed an amended complaint on January 24, 2020, asserting the following claims: negligence and negligence per se against Tawil (Count I); negligence against Stone Truck (Count II); negligence against Ryan (Count III); and negligence against Russell Stover (Count IV). (First Am. Compl., ECF No. 20.) Russell Stover and Ryan subsequently filed motions to dismiss. (*See* Mots., ECF Nos. 23 and 31.) The Court on April 21, 2020, *sua sponte* stayed discovery. (Order, ECF No. 43.) On July 24, 2020, Plaintiff filed a motion for leave to file a second amended complaint. (Pl.'s Mot., ECF No. 49).

On December 3, 2020, this Court entered a Memorandum Opinion and Order (ECF No. 57), granting Ryan's and Russell Stover's respective motions to dismiss under Rule 12(b)(6) for failure to state a claim against them. The Court also denied Plaintiff's motion to file a second amended complaint based on futility. (Mem. Op. and Order 32-37, ECF No. 57.) Although the Court dismissed Ryan and Russell Stover from the case, the Court's opinion did not state whether it was with or without prejudice. (*See id.* at 39.)

After Russell Stover and Ryan filed their motions for Rule 54(b) entry of final judgment, the motions at issue here, Plaintiff filed a *Motion for Leave to File Amended Complaint and*

*Reconsider its Order Dismissing Defendants Ryan Transportation Service, Inc. and Russell Stover Chocolates, LLC (Doc. 57)* on January 25, 2021 (ECF No. 69). Dixon therein argues that the Court should permit him to add factual allegations against Ryan and Russell Stover based on evidence that he recently obtained in discovery that purportedly cure the deficiencies in the first amended complaint that resulted in the previous dismissal of claims against Ryan and Russell Stover.

## II.   STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A Rule 54(b) "determination must appear in the district court's order certifying the matter for appeal." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). The court must make two express determinations in the certification order: (1) the judgment is final, and (2) there is no just reason to delay entry of the judgment. *Id.* Factors a court may consider in this analysis are whether the claims are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that the appellate court would not have to decide the same issues more than once even if there were subsequent appeals. *Id.*

In determining whether to enter judgment pursuant to Rule 54(b), the district court should weigh Rule 54(b)'s policy against piecemeal appeals with the unfairness that may result from delaying an appeal. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, granting a Rule 54(b) motion is left to the sound discretion of the district court, which "must take into account judicial administrative interests as well as the equities

involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). Rule 54(b) certifications should not be made routinely; rather, "courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Gas–A–Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973)).

### III.   ANALYSIS

Turning to the first factor, a final order is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Bruner*, 259 F.3d at 1242 (internal quotation marks omitted). A "judgment is not final unless the claims disposed of are separable from the remaining claims against the same parties." *Id.* (citation omitted). In determining finality, the district court should consider "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief." *Id.* (citation omitted).

Here, the claims against Russell Stover and Ryan are separately alleged in distinct counts against them. While the claims seek separate relief against separate parties, all four claims in the first amended complaint share facts and are intertwined. Many facts underlying the accident and the shipment are common to all claims. Moreover, since this Court entered its order dismissing the claims against Russell Stover and Ryan, Plaintiff has moved to reconsider that order and amend his complaint to add additional factual allegations against them. Because of the factual similarity between the claims in the case and the pending motion to reconsider, the Court finds that the finality factor weighs against Rule 54(b) certification in this case.

Furthermore, turning to the second factor, neither Russell Stover nor Ryan have shown a compelling reason that either entity will suffer hardship from the delay in appeal until the end of the entire case. Consequently, they have not demonstrated that there is no just reason for delay of entry of the judgment. This second factor also weighs against entry of a Rule 54(b) order. The record does not show good grounds to overcome the reluctance courts should have for piecemeal appeals that would not result in the efficient administration of justice.

**IT IS THEREFORE ORDERED** that Defendant Ryan Transportation Service, Inc.'s *Motion for Federal Rule of Civil Procedure 54(b) Entry of Final Judgment* (**ECF No. 62**), and Defendant Russell Stover Chocolates, LLC's *Motion for Entry of Final Judgment on Order of Dismissal [Doc 57] in favor of Defendant Russell Stover Chocolates, LLC* (**ECF No. 63**) are **DENIED**.

SENIOR UNITED STATES DISTRICT JUDGE